ON RETURN TO REMAND

McMILLAN, Judge.
This cause was remanded to the Circuit Court of Mobile County in order for that court, pursuant to Rule 32.9(A), A.R.Cr.P., to conduct “an evidentiary hearing to determine disputed issues of material fact” relating to Richard Maxwell Bray’s Rule 32, A.R.Cr.P., petition.
The trial court has now filed its return which makes the following specific findings of fact:
“First, the transcript of the guilty plea proceedings of which the petitioner complains proves that the petitioner thoroughly waived the defects alleged in his Rule 32 petition. These waivers appear on page 5 through 12 of the guilty plea transcript.
“Second, from the testimony, the Court finds that the defendant had reasonable notice of the State’s intent to enhance his sentence under the Habitual Felony Offender Act. Specifically, the Court finds that the defendant received notice through his guilty plea lawyer, the Honorable Pete Valias, on November 28, 1990, seven days before the guilty pleas were taken. The Court believes Mr. Vallas’s testimony on this point and the Court does not believe the defendant’s.
“Third, the Court finds that the defendant’s constitutional rights were not violated when the State introduced the prior military convictions. The defendant proved no error in the introduction of the certified copy of the convictions.
“Fourth, the Court finds that the defendant himself admitted, at the taking of his guilty pleas, that he was represented by counsel in the military proceedings wherein he received his prior convictions. Further, the evidence at the Rule 32 hearing further proved that the defendant was represented by counsel in the military convictions.
*1078 “Fifth, the Court finds that the sentence, thirty years, was within the limits authorized by law, considering the three valid prior military felony convictions.
“Sixth, the Court finds that the defendant was not denied effective assistance of counsel regarding any failure by counsel to object to a lack of notice of the State’s intent to enhance the defendant’s sentence under the Habitual Felony Offender Act inasmuch as the evidence proves, as noted above, that the defendant received seven days’ notice. As the defendant received the notice, no objection was appropriate.
“Seventh, the Court finds that the defendant was not denied effective assistance [of] counsel for any failure by counsel to object to the admission of the prior military convictions inasmuch as the defendant failed to prove any defect of the convictions. Further, as already noted, the defendant thoroughly waived any objection to the consideration of these convictions under the Habitual Felony Offender Act, and therefore his guilty plea counsel had no valid objection to make.”
After reviewing the record in this case, with particular emphasis on the aforementioned findings, we affirm the judgment of the trial court denying the petitioner’s Rule 32 petition.
AFFIRMED.
All Judges concur.